**ASHLAND OIL AND REFINING COMPANY, Plaintiff,**

v.

**F. R. NEWMAN, Defendant.**

**Civ. No. 30558.**

United States District Court
N. D. Ohio, E. D.
May 22, 1957.

John Lansdale, Jr., Cleveland, Ohio, for plaintiff Ashland Oil & Refining Co.

Harrison, Spangenberg & Hull, Cleveland, Ohio, for plaintiff Ferraiolo.

James A. Weeks, Cleveland, Ohio, Louis Loss, Cambridge, Mass., for defendant.

JONES, Chief Judge.

In view of the already heavy volume of cases assigned for hearing and trial, it has not been convenient to grant oral argument on the motions in this case.

This is an action under Sections 16(a) and 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78p (a) and 78p (b), brought by a corporation to recover from one of its directors profits made by him on the "short swing". The intervening plaintiff, Nicholas Ferraiolo, is a stockholder of the plaintiff corporation entitled to intervene by virtue of the Act. All parties have moved for summary judgment.

■ The Act referred to gives the corporation a right to an accounting for any profits made by its director by means of any purchase and sale, or sale and purchase, of any equity security of the corporation, within a period of six months.

It can be stated that nearly all the cases on this subject have been decided in the Court of Appeals for the Second Circuit, so that we have the unique advantage of a line of decisions made by a single group of learned and conscientious men. There is no question that the decisions rendered in the Second Circuit are correct and that the rationale of those decisions should be controlling in this case.

In Park & Tilford v. Schulte, 2 Cir., 1947, 160 F.2d 984, a situation existed similar in many respects to the situation obtaining here, but it differed in two important details: First, the insiders had complete control over the management of Park & Tilford; and, Second, the terms of shares of the Park & Tilford Preferred differed from the terms of shares of the Ashland $1.20 Convertible Preferred in that the former shares were not protected from dilution by acts of the corporation in respect to the common stock (to which the Preferred was convertible in each case).

Although the Park & Tilford case holds that the stock conversion was a purchase within the meaning of the Act, it seems indisputable that the court did not mean that all stock conversions were "purchases". Indeed, the court states in Roberts v. Eaton, 2 Cir., 1954, 212 F.2d 82, at page 83:

"In Park & Tilford v. Schulte, * * *, we held that *voluntary* conversion of convertible preferred stock into common was a 'purchase.'" (Emphasis added.)

This indicates that the Second Circuit considers Park & Tilford limited in application to a voluntary conversion.

In further discussing the line of decisions under the Act, the Second Circuit in Roberts v. Eaton, supra, states at page 84 that in cases where liability has been found

"the insider had an individual option to acquire the security or not as he saw fit"

and that in Park & Tilford

"the acquisition resulted in the insider holding a different proportional interest in the issuer."

This last statement merits further discussion.

The only way that the Park & Tilford conversion can be said to have resulted in the insider holding a different proportional interest in the issuer is to look at the economic realities. The Park & Tilford preferred was an unlisted stock. In fact, it could not have been listed, for the lack of any protection against dilution alone would render it ineligible for sale on the major stock exchanges. Since it was unlisted, there was no wide market for it. The insiders *had* to have common stock, which sold on the New York Stock Exchange, before they could hope to reap a quick profit. They in effect exchanged a security without definite market value and which represented no fixed proportional interest in the assets of the issuer for a security which did have a market value and which did represent a fixed proportional interest in the assets of the issuer. The Ashland Preferred, on the other hand, was listed, did have a market value, and was fully protected against dilution.

Viewed in this light, it is easy to understand why the Second Circuit viewed the Park & Tilford transaction as a purchase. It was the acquisition of one type of asset, which was uncertain as to value, in exchange for another type of asset, which was not uncertain as to value.

Further, the conversion by Newman of Ashland Preferred into Ashland Common was not a voluntary act in the sense that the Park & Tilford conversion was voluntary, because Newman did not have sufficient control over the affairs of the company to cause the redemption resolution to pass or not to pass. This fact removed from him the "individual option to acquire the security or not". He would have lost approximately nine dollars per share if he had allowed his Preferred to be redeemed rather than converted into Common. This choice is not a choice at all.

In the considered judgment of this court, the present case can be distinguished on its facts from the Park & Tilford case, particularly as to the opportunity for insider advantage. In Park & Tilford, the Schulte family had complete control over the operation of the corporation. But Newman, the defendant here, was not in control of Ashland. His voting stock was in a voting trust under the direction of Paul G. Blazer, Chief Executive Officer of Ashland. He was one of the directors of the company, but never attended a meeting from 1950 through 1952. He took no active part in the affairs of Ashland. We think this is important in view of the statement in the Act of its purposes. It is clear that Newman did not obtain or use insider information to his greater advantage over the other stockholders. Clearly the transaction by Newman in this case is not in any way comparable with that of Park & Tilford and in the judgment of this court it was not such a transaction or purchase as is contemplated by the plain provisions of the Securities Exchange Act.

A second issue involved in the case concerns the outright purchase on the open market of one hundred shares of Ashland Common by defendant, which plaintiff claims should be considered as sold within the six month period. However, since no liability has been found as to the common acquired by conversion and Newman still has one hundred shares of Ashland common, it is apparent

that Smolowe v. Delendo Corp., 2 Cir., 1943, 136 F.2d 231, 148 A.L.R. 300, is not in point on this question.

For the foregoing reasons, the defendant's motion for summary judgment must be granted, and the motions of the plaintiff and of the intervening plaintiff denied.